UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN KEITH JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>BERGELECTRIC INC., et al.,<br><br>    Defendants. | Case No. 20-cv-08467-HSG<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 26 |

Presently before the Court is Defendant Bergelectric Corp.'s motion to change venue to the Eastern District of California. Dkt. Nos. 26 ("Mot."). Plaintiff Melvin Jones does not oppose the transfer. Dkt. No. 27. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS** Defendant's motion and **TRANSFERS** this action to the Eastern District of California.

I. **LEGAL STANDARD**

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The transfer statute exists "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). The moving party bears the burden of showing that the transferee district is a "more appropriate forum." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). And the district court has broad discretion in deciding whether or not to transfer an action. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change venue is reviewed for

1 abuse of discretion. Weighing of the factors for and against transfer involves subtle considerations
2 and is best left to the discretion of the trial judge.") (citations and quotations omitted).

## II.  DISCUSSION

In its unopposed motion, Defendant argues that the case should have been brought in the Eastern District of California based on the venue provisions of 42 U.S.C. §2000e-5(f)(3). That section provides that a Title VII action "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . ." 42 U.S.C. §2000e-5(f)(3). Because Plaintiff alleges that the "lawsuit arose in Amador County," Defendant contends that the Eastern District is where the alleged unlawful employment practices occurred. Mot. at 5. Additionally, Defendant indicates that the employment records relevant to the alleged unlawful practices are maintained and administered in Sacramento County.[1] *Id.* at 6.

Defendant also contends that transfer is warranted based on the general federal transfer statute. The Court agrees. Under Title VII's venue provision, the case originally could have been filed in the Eastern District, where Plaintiff alleges the unlawful employment practice occurred and where the relevant employment records are maintained and administered. And with respect to whether the considerations of convenience and fairness favor transfer, Defendant represents that the convenience of all parties and non-party witnesses favors transferring this action because the parties and witnesses are located in the Eastern District. *Id.* at 7–8. Specifically, Defendant notes that Plaintiff appears to have at all times resided in San Joaquin County, the location of the relevant Bergelectric office is in Sacramento County, and the Bergelectric employee witnesses "are located in, or around, Sacramento County." Plaintiff does not oppose the motion, and the Court finds transfer is warranted.

---

[1] Defendant notes that it is "indeterminate" where Plaintiff would have worked but for the alleged unlawful employment practice because once a project is completed, employees are assigned to a new project. Mot. at 6.

### III. CONCLUSION

The Court **GRANTS** the unopposed motion to change venue. Dkt. No. 26. The Clerk of Court shall **TRANSFER** this case to the United States District Court for the Eastern District of California, and close the file.

**IT IS SO ORDERED.**

Dated: 4/2/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

3