UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN KEITH JONES, | No. 2:21-cv-0614-KJM-CKD PS |
| Plaintiff, | ORDER |
| v. | |
| BERGELECTRIC, INC. et al., | |
| Defendants. | |

    Plaintiff proceeds pro se in this action, which was referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b)(1). This case is set for an initial scheduling conference on September 8, 2021. (ECF No. 30.)

    Plaintiff filed his complaint on November 30. 2020. (ECF No. 1.) Defendant BergElectric, Inc., ("BergElectric") filed an answer on December 14, 2020. (ECF No. 4.) On February 19, 2021, plaintiff filed an amended complaint without seeking leave of court. (ECF No. 18.)

    Defendant BergElectric has filed an affidavit opposing the amended complaint. (ECF No. 20.) Defendant Associated Builders and Contractors, Inc., Northern California Chapter Unilateral Apprenticeship Committee ("ABC NORCAL UAC") states it intends to file a motion to dismiss and is uncertain which complaint plaintiff intends to litigate. (ECF No. 24.) Although defendants had agreed to plaintiff amending his complaint only to correct defendants' names, neither defendant agreed to the filing of the amended complaint as it was filed.

1    "A party may amend its pleading once as a matter of course within… 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). After the 21-day period, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at (a)(2); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding in a decision whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight").

A court may, sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. of Civ. P. 12(f)(1). Here, plaintiff's ability to amend his pleading "once as a matter of course" expired, at the latest, 21 days after a defendant answered the complaint. Fed. R. Civ. P. 15(a)(1). At this juncture, plaintiff must obtain defendants' written consent or leave of court to file an amended complaint. Plaintiff did not obtain either defendant's written consent to file the version of the amended complaint that was filed and did not obtain leave of court.

Because plaintiff failed to adhere to the proper rules for filing an amended complaint, the court strikes the amended complaint filed on February 19, 2021. (ECF No. 18). IT IS SO ORDERED.

Dated: April 13, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Jone0614.strikeAC

2