1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

MELVIN KEITH JONES,

Plaintiff,

v.

BERGELECTRIC, INC., et al.,

Defendant.

No.  2:21–cv–0614–KJM–CKD PS

ORDER GRANTING EXTENSION OF TIME FOR PLAINTIFF TO COMPLETE SERVICE BY FILING DEFENDANT ABC'S SIGNED WAIVER

18

19

20

Defendant ABC's motion to dismiss, filed August 27, 2021, is pending. Plaintiff has filed an opposition, to which defendant ABC has replied. Having read and considered the papers filed in support of and in opposition to the motion, the court orders as follows.[1]

21

**I. Background**

22

23

24

25

26

Plaintiff Melvin Keith Jones filed this case on November 30, 2020 in the United States District Court for the Northern District of California. He proceeds pro se, alleging claims under Title VII of the Civil Rights Act of 1964. Plaintiff proceeds against two defendants: Bergelectric, Inc., and Associated Builders and Contractors, Inc., Northern California Chapter Unilateral

27

28

---

[1] Defendant ABC's motion to dismiss shall remain pending. Until resolution of the motion, or until the court orders otherwise, defendant ABC has no obligation to file further responses to documents filed by plaintiff.

1

1  Apprenticeship Committee (hereinafter "ABC"). Defendant Bergelectric answered the complaint

2  on December 14, 2020.

3       The district court in the Northern District of California transferred this case to this court

4  on April 2, 2021. By order dated April 5, 2021, a status conference was set to take place on

5  September 8, 2021; the status conference has since been reset to take place on November 3, 2021.

6  (See ECF No. 41.) In the April 5, 2021 order, plaintiff was directed to complete service of process

7  on the defendants named in the complaint within 90 days. Plaintiff was cautioned that a failure to

8  complete service of process within 90 days from the date on which the complaint was filed could

9  result in dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. (ECF No. 30.)[2]

10       On August 27, 2021, defendant ABC moved to dismiss plaintiff's claims against

11  defendant ABC pursuant to Rules 4(m) and 12(b) of the Federal Rules of Civil Procedure.

12  Defendant ABC argues plaintiff failed to meet statutory and court-imposed deadlines for serving

13  defendant ABC. In the alternative, defendant ABC argues the complaint fails to state a claim

14  upon which relief can be granted. (ECF No. 43.)

15       Defendant ABC's motion to dismiss was set for a hearing to take place on October 6,

16  2021. Plaintiff did not file a timely opposition. On September 28, 2021, the court ordered plaintiff

17  to show cause, in writing and within 14 days, why plaintiff's failure to oppose the motion to

18  dismiss should not waive the right to oppose the motion and why plaintiff's claims against

19  defendant ABC should not be dismissed. (ECF No. 44.)

20       Plaintiff has filed an opposition to the motion to dismiss. (ECF No. 47.) Plaintiff argues

21  that the court should hear his claims against defendant ABC but does not address the arguments

22  raised in the motion to dismiss, including the argument that he has not properly served defendant

23  ABC.

24  **II.  Discussion**

25       A federal court does not have jurisdiction over a defendant unless the defendant has been

26  served properly under Federal Rule of Civil Procedure 4. See Omni Capital Int'l Ltd. v. Rudolf

27

28  [2] Plaintiff has indicated he did not receive the court's April 5, 2021 order until August 18, 2021. (ECF No. 33.)

1   Wolff & Co., 484 U.S. 97, 104 (1987). Service of process must be completed "within 90 days

2   after the complaint is filed." See Fed. R. Civ. P. 4(m). Rule 4(h) specifies the manner of service

3   required upon "a domestic or foreign corporation, or a partnership or other unincorporated

4   association that is subject to suit under a common name[.]" Fed. R. Civ. P. 4(h). The manner of

5   service specified in Rule 4(h) applies "*unless the defendant's waiver has been filed*[.]" Id.

6   (emphasis added).

7           Here, plaintiff elected to pursue a waiver of service from defendant ABC and the court's

8   analysis is therefore guided by Rule 4(d) of the Federal Rules of Civil Procedure. If a defendant

9   agrees to waive service by returning the waiver to the plaintiff, then the date of service is deemed

10  to be the date on which the plaintiff files the *signed* waiver form with the court. Fed. R. Civ. P.

11  4(d)(4) (emphasis added). If the defendant agrees to waive service, then once the plaintiff files the

12  defendant's signed waiver, the action proceeds "as if the summons and complaint had been served

13  at the time of filing the waiver." Fed. R. Civ. P. 4(d)(4). "The only issues that are eliminated by

14  the waiver are those involving sufficiency of the summons or sufficiency of the method by which

15  the summons is served"; the waiver does not preclude a challenge under Rule 4(m). See Patel v.

16  Dameron Hosp., No. Civ-S-99-1275-DFL-PAN, 2000 WL 35619441, at *2 (E.D. Cal. June 23,

17  2000) (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (TRG

18  1999), § 5:157, p. 5-31); see also Fed. R. Civ. P. 4(d), (m).

19          Pertinent here, according to the declaration and argument submitted in support of

20  defendant ABC's motion to dismiss, defendant ABC has signed a waiver of service and returned

21  it to plaintiff on January 20, 2021. (ECF No. 43-3 at ¶ 3.) Plaintiff has not, however, filed the

22  *signed* waiver with the court. Thus, defendant ABC maintains it has not been properly served.

23  Indeed, as set forth, Rule 4(d) requires a plaintiff to file a defendant's signed waiver with the

24  court in order for the action to proceed "as if the summons and complaint had been served at the

25  time of filing the waiver." Fed. R. Civ. P. 4(d)(4).

26          It appears that plaintiff has misunderstood the procedure for waiving service under Rule

27  4(d); simply obtaining the signed waiver from defendant does not constitute service on a

28  defendant. Rather, *plaintiff must file the executed [signed] waiver* within Rule 4(m)'s 90-day

                                                    3

1   window. See Fed. R. Civ. P. 4(d), (m); Pine v. City of Oakland, No. 19-CV-02136-AGT, 2020

2   WL 2512404, at *4-5 (N.D. Cal. May 16, 2020).

3          Here, plaintiff filed the *unsigned* waivers he sent to both defendants at the time he mailed

4   the waivers. (ECF No. 11.) However, plaintiff has not filed a signed waiver for either defendant.[3]

5          When a defendant challenges service, the plaintiff bears the burden of establishing the

6   validity of service as governed by Rule 4 of the Federal Rules of Civil Procedure. See

7   Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Where, as here, service was not

8   completed in accordance with Rule 4(m), the district court applies a two-step analysis to

9   determine whether to extend the time for such service. See In re Sheehan, 253 F.3d 507, 512 (9th

10   Cir. 2001). If good cause is shown, the court must grant an extension; if good cause is not shown,

11   the court still has the discretion to grant an extension. See Efaw v. Williams, 473 F.3d 1038, 1040

12   (9th Cir. 2007). In deciding whether to grant such an extension, a district court "may consider

13   factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and

14   eventual service." See Id. at 1041 (internal quotation and citation omitted).

15          Defendant argues that an extension is not warranted because plaintiff has been on direct

16   and explicit notice of his failure to properly effectuate service against defendant ABC since

17   defendant ABC filed its Case Management Conference Statement on March 2, 2021. However,

18   the court finds the applicable factors weigh in favor of granting plaintiff an extension.

19   Significantly, defendant ABC has not shown it will be prejudiced by the delay and defendant has

20   had actual notice of the action since at least January 20, 2021. In addition, plaintiff is representing

21   himself, and pro se litigants are given some consideration in federal litigation in that their

22   pleadings are liberally construed.[4]

23

24   [3] As set forth, though, defendant Bergelectric answered the complaint and did not challenge
service of process. Thus, only the executed waiver of defendant ABC is at issue.

25
26   [4] Nonetheless, pro se litigants are expected to know and comply with the rules of civil procedure
and are not exempt from complying with the basic rules for service of process. American Ass'n of

27   Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). A plaintiff's pro se
status does not excuse untimely service. Id. at 1108; see McNeil v. United States, 508 U.S. 106,
113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should

28   be interpreted so as to excuse mistakes by those who proceed without counsel.").

Despite any consideration of his pro se status, though, plaintiff has not met his burden to show that he properly served defendant ABC because he has not filed the waiver of service executed by defendant ABC. See Livingston v. Morgan, No. C-06-2389 MMC, 2007 WL 1150922, at *3 (N.D. Cal. Apr. 18, 2007) ("[Plaintiff], however, has not filed a waiver returned by [defendant] as required by Rule 4(d), and accordingly, [plaintiff] fails to demonstrate service under Rule (4)(d).").[5] In order to demonstrate proper service, plaintiff must either serve defendant ABC and file proof of such service, or file the waiver of service already executed by defendant ABC which defendant ABC returned to plaintiff on January 20, 2021.

Accordingly, for the reasons set forth herein, IT IS HEREBY ORDERED:

1.  The deadline for plaintiff to serve defendant ABC, and to file proof of such service, is extended to November 12, 2021;

2.  Plaintiff shall file the waiver of service already executed by defendant ABC on or before November 12, 2021; and

3.  Plaintiff is cautioned that failure to file the waiver of service executed by defendant ABC on or before November 12, 2021 may result in dismissal of plaintiff's claims against defendant ABC.

Dated:  October 12, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.jone0614.serviceABC

---

[5] However, there is also the question whether plaintiff has substantially complied with service requirements, an issue neither party has addressed. See, e.g., Azzawi v. Brown, No. 2:15-cv-1468-GEB-AC, 2015 WL 6460363, at *3 (E.D. Cal. Oct. 26, 2015) (noting that the doctrine of substantial compliance "exists to save instances of ineffective service based on *technical* defects to avoid dismissals that would prejudice the plaintiff" (emphasis in original)); Procopio v. Conrad Prebys Tr., No. 14cv1651 AJB (KSC), 2015 WL 4662407 (S.D. Cal. Aug. 6, 2015) (noting that substantial compliance is to address "minor defects in service and prevent dismissal," not to prevent the quashing of improper service). Because the court is granting plaintiff an extension of time to complete service by filing defendant ABC's signed waiver, the court does not now decide whether plaintiff could be said to have substantially complied with Rule 4 as to service of defendant ABC.