UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN KEITH JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>BERGELECTRIC, INC., et al.,<br><br>  Defendants. | No. 2:21-cv-0614-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 43) |

A motion to dismiss filed on August 27, 2021 (ECF No. 43) by defendant Associated Builders and Contractors Inc. Northern California Chapter Unilateral Apprenticeship Committee ("ABC") is before the court. Because plaintiff proceeds pro se, this matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and E.D. Cal. Local Rule 302(c)(21).

In the motion to dismiss, ABC asserts that (1) the complaint fails to state a claim upon which relief can be granted and (2) plaintiff failed to meet statutory and court-imposed service deadlines. Plaintiff has opposed the motion and defendant filed a reply. (ECF Nos. 45, 46, 47.)

This matter is appropriate for decision without oral argument. See Local Rule 230(g). Because plaintiff has failed to file the waiver of service executed by defendant ABC despite an extension of time and court order to do so, and because there is no indication that proper service or waiver of service may yet be obtained, the undersigned recommends the court grant the motion and dismiss plaintiff's claims against ABC.

1

I. BACKGROUND

On November 30, 2020, plaintiff, proceeding pro se, filed a fee-paid complaint naming two defendants in the United States District Court for the Northern District of California. (ECF No. 1.) Defendant BergElectric Inc. has answered the complaint. (ECF No. 4.) On March 17, 2021, defendant BergElectric Inc. filed a motion to change venue. (ECF No. 26.) On April 2, 2021 (ECF No. 28), the Northern District of California granted the motion to change venue and transferred the case to this court.

On March 2, 2021, defendant ABC filed a Case Management Conference Statement in which ABC put plaintiff on notice of the failure to properly effectuate service. (ECF No. 24.) By order dated April 5, 2021 (ECF No. 30), this court set a status conference and plaintiff was directed to complete service of process on the defendants named in the complaint within 90 days. Plaintiff was cautioned that a failure to complete service of process within 90 days could result in dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.[1]

On August 27, 2021 (ECF No. 43), defendant ABC filed the pending motion to dismiss pursuant to Rules 4(m) and 12(b) of the Federal Rules of Civil Procedure. In the pending motion, ABC argues plaintiff failed to meet statutory and court-imposed deadlines for serving ABC. In the alternative, ABC argues the complaint fails to state a claim upon which relief can be granted because plaintiff failed to exhaust administrative remedies and because Title VII does not apply to unilateral apprenticeship programs such as ABC.

Defendant ABC's motion to dismiss was set for a hearing to take place on October 6, 2021. Because plaintiff did not file a timely opposition, on September 28, 2021 (ECF No. 44), the court vacated the hearing and plaintiff was ordered to show cause, in writing, why his claims against defendant ABC should not be dismissed due to his failure to oppose the motion.

Plaintiff thereafter responded to the order to show cause by filing an opposition to the motion to dismiss. (ECF No. 47.) In his opposition to the motion to dismiss, plaintiff argued for the court to hear his claims against defendant ABC but did not specifically address the arguments

---

[1] Plaintiff received the court's April 5, 2021 order late, on August 18, 2021. (See ECF No. 33.)

1  in the motion to dismiss, including the argument that he had not properly served defendant ABC.

2  By order dated October 12, 2021 (ECF No. 48), the court extended the deadline for plaintiff to file proof of service of defendant ABC to November 12, 2021. The October 12, 2021 order noted that according to the declaration and argument submitted in support of ABC's motion to dismiss, ABC had signed a waiver of service and returned it to plaintiff on January 20, 2021. The October 12, 2021 order noted plaintiff had not thereafter file the signed waiver with the court, which is necessary for the action to proceed "as if the summons and complaint had been served at the time of filing the waiver." Fed. R. Civ. P. 4(d)(4). Plaintiff was notified that simply obtaining the signed waiver from the defendant did not constitute proper service or waiver of service. Rather, in order to complete service in accordance with Rule 4(m), which contains a 90-day time limit, a plaintiff must file a defendant's signed waiver with the court. (See ECF No. 48.)

The court held an initial scheduling conference on November 3, 3021. During this conference, plaintiff was again notified he needed to take additional steps in order to demonstrate proper service or waiver of service as to defendant ABC. (ECF No. 52.) On November 4, 2020, the court again ordered plaintiff to file the waiver of service executed by defendant ABC on or before November 12, 2021 if plaintiff intended to pursue his claims against defendant ABC. (ECF No. 54.) Plaintiff has not filed the waiver, requested an extension of time, or otherwise responded to that order.

**II. LEGAL STANDARDS**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). A motion under Rule 12(b)(5) challenges the mode or method of service of the summons and complaint. Wasson v. Riverside County, 237 F.R.D. 423, 424 (C.D. Cal. 2006).

Where the validity of service is contested, the burden is on the party claiming proper service to establish its validity. Cranford v. United States, 359 F.Supp.2d 981, 984 (E.D.

3

1  Cal.2005) (citing Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488
2  (3rd Cir. 1993)). Assuming insufficiency of process or service of process, a district court has
3  discretion to dismiss an action or quash service. See e.g., S.J. v. Issaquah School Dist. No. 411,
4  470 F.3d 1288, 1293 (9th Cir. 2006) (citing Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387,
5  1389 (9th Cir. 1976) ("the choice between dismissal and quashing service of process is in the
6  district court's discretion.")).

7  Dismissal under Rule 12(b)(6) may be warranted for "the lack of a cognizable legal theory
8  or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica
9  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to state a valid claim for relief, a
10 plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl.
11 Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim that is plausible on its face has sufficient
12 factual content to allow a reasonable inference that the defendant is liable for the misconduct
13 alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In evaluating whether a complaint states a
14 claim on which relief may be granted, the court accepts as true the well-pleaded factual
15 allegations in the complaint and construes them in the light most favorable to the plaintiff. Hishon
16 v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
17 1989). The court also liberally construes the pleadings of a pro se litigant. Balistreri, 901 F.2d at
18 699.

19 When ruling on a motion to dismiss, a district court may consider material properly
20 submitted as part of the complaint, documents that are not physically attached to the complaint if
21 their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and
22 matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The
23 court may also consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v.
24 City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).[2]

---

[2] ABC requests the court to take judicial notice of six documents submitted as exhibits: (1) the complaint filed in this matter; (2) document entitled "Apprenticeship Program Information – Search Results Detail, publicly accessible on the California Department of Industrial Relations website; (3) document entitled "DIR – The Division of Apprenticeship Standards apprentice certification," publicly accessible on the California Department of Industrial Relations website;

## III. DISCUSSION

### A. Failure to State a Claim

#### 1. Unilateral Apprenticeship

Title VII provides as follows with respect to discriminatory employment practices by employment training programs:

> (d) Training programs
>
> It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship *or other training or retraining*, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

42 U.S.C. § 2000e-2 (emphasis added).

Quoting section 2000e-2, and noting it explicitly refers to joint labor-management committee controlling apprenticeship training programs, ABC asserts without further argument or authority that Title VII does not apply to unilateral apprenticeship programs such as ABC. As set forth above, however, section 2000e-2 identifies "other training" programs as subject to Title VII, in addition to those specifically listed. ABC fails to demonstrate it does not fall within this category of "other training" programs and therefore fails to demonstrate it cannot be subject to the requirements of Title VII.

#### 2. Exhaustion

Plaintiff's Title VII claims are subject to the special statute of limitations applicable to Title VII actions, which requires a claimant exhaust administrative remedies by filing a charge of

---

(4) EEOC Charge of Discrimination No. 555-2016-00851 filed by plaintiff against "Berg Electric Inc."; (5) Letter from EEOC in response to ABC's Freedom of Information Act Request regarding records fitting the search description "Melvin Jones v. 'Associated Builders & Contractors' or 'American Builders and Contractors Apprenticeship' (Date Range 01/01/2016 to 01/05/2021). (ECF No. 43-7 at 2-3.) A court may take judicial notice of "matters of public record" including "records and reports of administrative bodies," U.S. v. 14.02 Acres of Land More or Less in Fresno Cnty., 547 F.3d 943, 955 (9th Cir. 2008), as well as administrative complaints filed with the EEOC, court filings, and publicly accessible websites, Minor v. Fedex Office and Print Services Inc., 78 F. Supp. 3d 1021, 1027-28 (N.D. Cal. 2015). Accordingly, the request for judicial notice is granted.

discrimination with the Equal Employment Opportunity Commission ("EEOC") within the statutorily mandated deadline of either 180 or, in some circumstances, 300 days from the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e)(1); Amtrak v. Morgan, 536 U.S. 101, 119 (2002). ABC argues the complaint fails to state a claim upon which relief can be granted because plaintiff did not exhaust administrative remedies for a Title VII claim against ABC. Defendant further argues the dismissal should be without leave to amend because plaintiff is time-barred from amending his 2016 EEOC charge to include ABC. (Id.) Under these circumstances, defendant argues, the deficiency cannot be cured by amendment. (Id.)

As a general rule, Title VII claimants may sue only those named in the EEOC charge because only those named had an opportunity to respond to charges during the administrative proceeding. Sosa v. Hiraoka, 920 F.2d 1451, 1458 (9th Cir. 1990). Nonetheless, Title VII claims can be brought against persons not named in an EEOC charge as long as they were involved in the acts giving rise to the EEOC claims. Id. (citing Wrighten v. Metropolitan Hosp., 726 F.2d 1346, 1352 (9th Cir. 1984)). Where either the EEOC or the defendant "should have anticipated" based upon the EEOC charge that the claimant would name those defendants in a Title VII suit, the court has jurisdiction over those defendants even though they were not named in the EEOC charge. Sosa, 920 F.2d at 1458-59 (quoting Chung v. Pomona Valley Community Hosp., 667 F.2d 788, 792 (9th Cir. 1982)). Accordingly, the Ninth Circuit has summarized the failure to name a party in an EEOC charge precludes the possibility of suing under Title VII unless the unnamed party was (1) involved in acts which were the subject of the EEOC charge, or (2) "should have anticipated" that it would be named in a Title VII suit. Ortez v. Washington County, 88 F.3d 804, 808 (9th Cir. 1996) (citing Sosa, 920 F.2d at 1458-59).

Thus, the jurisdictional scope of a Title VII claimant's court action depends upon the scope of the EEOC charge as well as the EEOC investigation. Sosa, 920 F.2d at 1456. In addition, EEOC charges must be liberally construed. Wrighten, 726 F.2d at 1352; Chung, 667 F.2d at 792.

Here, plaintiff's EEOC charge named BergElectric as the respondent and stated plaintiff had been discriminated against because of his race and age. The charge stated plaintiff was assigned to perform less-desirable tasks, disciplined based on false statements, and ultimately

discharged. (ECF No. 43-2 at 2.) While plaintiff's EEOC charge did not name defendant ABC, plaintiff's complaint alleges that he learned through the EEOC investigation that an ABC representative placed false and defamatory statements in his personnel file. (ECF No. 1 at 4-5.)

ABC argues the Title VII claims against it should be dismissed because plaintiff neither named ABC in his charge nor alleged in it that ABC took discriminatory actions against him. (ECF No. 43 at 11.) ABC argues its alleged conduct could not have given rise to the EEOC claim because plaintiff did not learn of ABC's alleged conduct until after he filed his charge. (Id.)

Construing plaintiff's EEOC charge and complaint liberally, however, a plausible inference arises that ABC was "involved in the acts giving rise" to the EEOC claims even if plaintiff did not learn of that involvement prior to filing his EEOC charge. See Sosa, 920 F.2d at 1458 (quoting Wrighten, 726 F.2d at 1352). Specifically, plaintiff's EEOC charge complained of discipline based on false statements. Through the investigation, plaintiff found out about alleged false statements by an ABC representative as alleged in plaintiff's complaint. Under these circumstances, ABC was plausibly involved in the acts giving rise to the claims even if plaintiff was not aware of ABC's involvement when he filed his EEOC charge. See Chung, 667 F.2d at 792 (holding the district court erred in dismissing claims against doctors who participated in the denial of promotions but were not named in EEOC charge).

Citing Viswanathan v. Leland Stanford Junior University, 1 Fed.Appx. 669 (9th Cir. 2001), ABC suggests plaintiff's claims should be dismissed because ABC is not an agent or employee of BergElectric, the respondent named in plaintiff's EEOC charge. (ECF No. 43 at 10-11.) In Viswanathan, the Ninth Circuit stated "[t]he District Court correctly observed that Title VII actions which have been held proper against 'unnamed' parties have involved agents or employees." 1 F. App'x at 672 n.5. The Ninth Circuit in Viswanathan went on to conclude the independent parties in that case were not "on notice" by virtue of an administrative charge against other independent defendants. See Id.

Viswanathan is an unpublished decision and the quoted statement is dicta describing an observation by the district court. Defendant cites no other authority to support a conclusion that only agents or employees of the respondent named in the EEOC charge can be proper defendants

7

in this action. In light of the other authorities discussed, such a conclusion appears unwarranted. Accordingly, the undersigned recommends the motion to dismiss be denied to the extent it is based on failure to exhaust administrative remedies.

### C. Service of Process

As explained in the court's prior orders, service of the summons and complaint must occur within 90 days of filing the complaint unless otherwise ordered. Fed. R. Civ. P. 4(c)(1) & (m). If a defendant is not served by this deadline, then the court must—on motion or on its own after notice to the plaintiff— dismiss the action without prejudice against that defendant, or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

Self-represented plaintiffs are given latitude in prosecuting their cases, given their unfamiliarity with the legal system and federal rules. See, e.g., Eriksen v. Washington State Patrol, 2006 WL 994750, at *1 (E.D. Wash. Apr. 7, 2006) ("Generally pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.") (quoting Moore v. Agency for Intern. Development, 994 F.2d 874 (D.C. Cir. 1993)). Nevertheless, pro se litigants are expected to know and comply with the rules of civil procedure and are not exempt from complying with the basic rules or court orders. See generally American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) ("a pro se litigant is not excused from knowing the most basic pleading requirements"). Thus, a plaintiff's pro se status does not excuse a failure to effectuate service. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency under Rule 4. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4.'" Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987) (citation omitted).

The doctrine of substantial compliance exists to save instances of ineffective service based on technical defects to avoid dismissals that would prejudice the plaintiff. The Ninth Circuit has articulated the following standard for substantial compliance with respect to service of process: "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Whale v. United States, 792 F.2d 951, 953 (9th Cir. 1986) (quoting Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).)

Dismissal of a complaint may be inappropriate when there exists a reasonable prospect that service may yet be obtained. See generally Umbenhauer v. Woog, 969 F.2d 25, 30 (3rd Cir. 1992); Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2nd Cir. 1985); Novak v. World Bank, 703 F.2d 1305, 1310 (D.C. Cir. 1983). This is particularly true for a pro se litigant who may be unfamiliar with Rule 4's service requirements. See Borzeka, 739 F.2d at 448 n.2 (noting that plaintiff's pro se status should be considered when deciding whether to dismiss an action for insufficient service based on a technical defect in the summons).

In this case, plaintiff's complaint was filed more than a year ago. Defendant ABC first put plaintiff on notice of the failure to properly effectuate service in its March 2, 2021 Case Management Conference Statement. In April of 2021, this court ordered plaintiff to complete service of process against the defendants named in the complaint within 90 days. On the court's own motion, plaintiff was subsequently granted additional time to file the waiver of service executed by defendant ABC. Specifically, on October 12, 2021, and again on November 4, 2021, the court ordered plaintiff to file the waiver of service executed by defendant ABC on or before November 12, 2021 if he intended to pursue his claims against ABC. (ECF No. 54.) Plaintiff has neither filed the waiver of service nor requested an extension of time to do so.

The court considers whether plaintiff's failure to file the signed waiver is merely a technical defect. Although the Federal Rules encourage waiver of service, Rule 4 explicitly requires a plaintiff obtaining waiver of service to file the signed waiver with the court in order for the action to proceed "as if the summons and complaint had been served at the time of filing the

waiver." Fed. R. Civ. P. 4(d)(4). Plaintiff has plainly failed to meet this requirement. The undersigned does not find a case in which simply obtaining—without filing—a signed waiver from a defendant was found to constitute substantial compliance with Rule 4.[3] Moreover, plaintiff has presented no excuse to justify his failure to file the waiver of service executed by ABC. There is also no indication that proof of proper service or waiver of service is forthcoming.

Given the failure to file proof of service or a signed waiver of service as to defendant ABC, and the lack of good cause therefor despite a significant extension of time to do so, plaintiff has failed to comply or substantially comply with the service requirements of Federal Rule of Civil Procedure 4. Because plaintiff has failed to properly serve defendant ABC and because there is no indication that proper service or waiver of service is likely to still be obtained, the undersigned recommends the court dismiss plaintiff's claims against defendant ABC. See Fed. R. Civ. P. 4(m); see also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

### IV. CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED the motion to dismiss (ECF No. 43) be GRANTED in part, to the extent that plaintiff's claims against defendant ABC be DISMISSED without prejudice due to plaintiff's failure to effectuate proper service.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate

---

[3] Substantial compliance has been found in cases distinguishable from the instant one. For example, substantial compliance was found where service was completed very close to the deadline. See, e.g., Tyson v. City of Sunnyvale, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (service 121 days after filing of the complaint constituted "substantial compliance" with Rule 4(m)). Substantial compliance was also found where there was a good faith effort to meet service requirements but compliance was prevented by a defendant's actions to evade service. See Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135-36 (9th Cir. 2009). The facts of this case are distinguishable because although defendant ABC received actual notice of the complaint, defendant did not attempt to evade service, and plaintiff has failed to comply with the explicit requirement of Fed. R. Civ. P. 4(d)(4) to file the waiver executed by defendant with the court, despite an extension of time and court order to do so.

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 20, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

jones21cv614.mtd.abc