UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN KEITH JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>BERGELECTRIC, INC., et al.,<br><br>    Defendants. | No. 2:21-cv-00614-KJM-CKD<br><br><br>ORDER |

      This matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(19). On December 20, 2021, the magistrate judge filed findings and recommendations, which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. On January 3, 2022, defendant Associated Builders and Contractors Inc. Northern California Chapter Unilateral Apprenticeship Committee ("ABC") filed partial objections, objecting only to the findings and recommendations pertaining to the failure to exhaust argument. (ECF No. 57.)

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The court writes separately here only to address ABC's objections.

/////

1    ABC argues Mr. Jones cannot state a claim against it because he did not name ABC in the
2 charge he filed with the Equal Employment Opportunity Commission. *See* Objs. at 2–3 (citing
3 Charge, ECF No. 43-2). ABC does not disagree with the Magistrate Judge's summary of the
4 applicable law, which correctly explained that "the failure to name a party in an EEOC charge
5 precludes the possibility of suing [that party] under Title VII unless the unnamed party was
6 (1) involved in the acts which were the subject of the EEOC charge, or (2) 'should have
7 anticipated' that it would be named in a Title VII suit." F&Rs at 5–7 (quoting *Ortez v.*
8 *Washington County*, 88 F.3d 804, 808 (9th Cir. 1996)); *see also* Objs. at 2–3.
9    The Magistrate Judge correctly took judicial notice of the contents of Mr. Jones's EEOC
10 charge. *See* F&Rs at 4–5 n.2 (citing *Minor v. Fedex Office and Print Services Inc.*,
11 78 F. Supp. 3d 1021, 1027–28 (N.D. Cal. 2015)). In that notice, Mr. Jones alleged the "reason"
12 his former employer "stated" for discipline against him was false. *See* Charge of Discrimination,
13 ECF No. 43-2. Later, Mr. Jones alleges, he learned ABC had "made defamatory statements and
14 placed them in [his] personnel file." Compl. at 5, ECF No. 1. One way to understand these
15 allegations is that the false and defamatory statement by ABC in Mr. Jones's personnel file was
16 the same as the false statement that was the basis for discipline against him, which he identified in
17 his EEOC charge. If so, then it would be plausible to infer that ABC was involved in the acts that
18 were the subject of the EEOC charge. At this early stage, this court must draw these favorable
19 inferences. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Magistrate Judge's analysis was
20 thus correct.
21    In accordance with the above, IT IS HEREBY ORDERED:
22    1. The findings and recommendations filed December 20, 2021 (ECF No. 56) are
23       adopted in full;
24    2. Defendant ABC's motion to dismiss (ECF No. 43) is granted and plaintiff's claims
25       against defendant ABC are dismissed without prejudice due to plaintiff's failure to
26       effectuate proper service; and
27 /////
28 /////

3. This matter is referred back to the assigned magistrate judge for further pre-trial proceedings.

DATED: February 18, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE